IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Ortiz, Joy Morales, and Jeanette Valdez, on behalf of themselves and all other plaintiffs known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> Insureon, Inc. <br> Defendant | Case No: 18-cv-2119 <br><br><br> **JURY DEMAND** |

## COMPLAINT

NOW COME Plaintiffs, Robert Ortiz, Joy Morales, and Jeanette Valdez, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorney, Jorge Sanchez, and for their Complaint against Defendant, Insureon, Inc., states as follows:

### NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that Plaintiff Ortiz was employed by Defendant in this district and Defendant is engaged in business in this district.

## PARTIES

2. Defendant, Insureon, Inc. (hereinafter "Defendant") is engaged in the business of providing insurance services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs as well as the proposed class of employees, and therefore was and is an "employer" as defined under both the federal and state statutes relied upon herein.

3. Plaintiffs, Robert Ortiz, Joy Morales, and Jeanette Valdez, (hereinafter "named Plaintiffs") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are past salaried employees of Defendant. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all Plaintiffs similarly situated also were engaged in commerce as defined by the FLSA.

## CLASS ALLEGATIONS

**Fair Labor Standards Act**

4. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiffs as an opt-in representative action, for and on behalf of themselves and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et. seq*. and §251 *et. seq*. Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiffs seek to send Notice to all similarly situated salaried employees who have been denied proper over time compensation, as required by 29 USC Section 216(b) and supporting case law. Count VI seeks redress for Plaintiff, Robert Ortiz's retaliatory termination in violation of FLSA 29 U.S.C.§215(a)(3).

**Illinois Minimum Wage Law**

5. Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action for all class members who were employed by Defendant in the State of Illinois.

**Illinois Wage Payment and Collection Act**

6. Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq., Count V of this action is brought by Plaintiffs to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action. The class represented by Plaintiffs consists of all persons who have been or will be employed by Defendant working as salaried employees in the State of Illinois on or after the date five (5) years prior to the filing of this action.

## FACTUAL ALLEGATIONS

7. The named Plaintiffs and all other represented Plaintiffs, known and unknown, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

8. Plaintiffs Ortiz, and Morales and certain members of the Plaintiff class were designated as Account Managers. Their duties consisted of servicing insurance clients to provide forms and information after the clients had been sold services.

9. Plaintiff Valdez and certain members of the Plaintiff class were members of the so-called "service team" whose job it was to assist with responding to emails and other tasks that required extra help.

10. Plaintiffs were all required to work more than 40 hours per week. They, and other

members of the Plaintiff class routinely worked through their lunch periods, started work early, left work late, and worked remotely during non-business hours including weekends and evenings and even while on vacation.

11. Plaintiffs have executed consent to sue notices which are attached to this Complaint.

12. Defendant employed the Plaintiffs, on a "salaried" basis when, in fact, the job duties of Plaintiffs did not and do not qualify under any of the exemptions established by the FLSA. As such, Plaintiffs, and members of the Plaintiff class, were required to work in excess of forty (40) hours in a workweek, without pay for those hours over forty (40) at a rate of time and one-half her regular hourly rate, pursuant to the requirements of the federal and state statutes herein relied upon.

13. Defendant has both in the past and presently, willfully employed represented Plaintiffs, as well as the named Plaintiffs, for hours in excess of 40 in a work week, without pay for those hours over forty (40) at a rate of time and one-half their regular hourly rate pursuant to the requirements of the federal and state statutes herein relied upon and failed and refused to pay named Plaintiffs and represented Plaintiffs for all hours worked.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

14. Plaintiffs hereby incorporate paragraphs 1-13 as if set forth fully here.

15. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.,* named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

16. Defendant has at all times relevant hereto failed and refused to pay

compensation to its employees, including named Plaintiffs herein, at the rate of one and one-half times their regular hourly wage rate for all hours worked over forty (40) in a work week, all as required by the F.L.S.A.

 (a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

 (b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

 (c) awarding Plaintiffs' reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and,

 (d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

17. Plaintiffs hereby incorporate paragraphs 1-16 as if set forth fully here.

18. Defendant has, both in the past and presently, willfully failed to pay named Plaintiffs and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal of one and one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

19. Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

20. Pursuant to the Fair Labor Standards Act, Plaintiffs, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

WHEREFORE, the named Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid compensation;

(c) awarding Plaintiffs reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

21. Plaintiffs hereby incorporate paragraphs 1-20 as if set forth fully here.

22. In denying named Plaintiffs and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

23. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, the named Plaintiffs, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT VI
## RETALIATION UNDER THE FLSA

24. Plaintiffs hereby incorporate paragraphs 1-23 as if set forth fully here.

25. Plaintiff Robert Ortiz brings this count on his own behalf only.

26. Shortly before he was terminated, Plaintiff Ortiz began to make inquiries about the logs kept of the time spent working for Insureon outside of normal business hours, whether off-site or on-site.

27. He was also raising questions about how Insureon was calculating bonus compensation as it had changed its system recently and made the information needed to verify whether bonuses were properly paid off limits.

28. Despite repeated requests to see the record of his hours worked, Insureon management put him off repeatedly.

29. Shortly thereafter, when Mr. Ortiz missed work due to a medical condition and illness he was terminated although the employer knew of both his condition and illness and Mr. Ortiz provided medical documentation when asked for it.

30. The true reason for his discharge was that Mr. Ortiz was making inquiries related to his compensation and non-payment of over-time hours worked and that Insureon wanted him out because of this.

31. By doing so Defendant violated 29 U.S.C.§215(a)(3) which prohibits retaliation against employees for exercising their rights under the FLSA.

WHEREFORE, the Plaintiff Ortiz requests this Court to enter an Order:

(a) declaring and decreeing Defendant retaliated against him for exercising his rights under the FLSA;

(b) awarding an amount of backpay damages, from the date of his discharge until the entry of the order;

(c) ordering Plaintiff Ortiz's, reinstatement to his former position with all benefits and perquisites that he would have had had he not been terminated;

(d) ordering Defendant to pay to Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) awarding whatever additional relief it deems just and appropriate under the circumstances.

## COUNT V
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

32. Plaintiffs hereby incorporate paragraphs 1-31 as if set forth fully here.

33. Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

WHEREFORE, the named Plaintiffs request this Court to enter an Order:

(f) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(g) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

Plaintiffs further requests that:

(h) this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(i) this Court order Defendant to pay to Plaintiffs' reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(j) this Court award whatever additional relief it deems just and appropriate under the circumstances.

## COUNT VI
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

34. Plaintiffs hereby incorporate paragraphs 1-33 as if set forth fully here.

35. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, . . . .". Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".

36. As part of the employment agreement between parties herein, Defendant agreed they would pay compensation in compliance with state and federal law.

37. The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned". Plaintiffs herein, and other absent Plaintiffs, have been denied payment of rightful overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned.

38. The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Plaintiffs herein have been denied payment of their rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

39. Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiffs and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

**WHEREFORE,** the named Plaintiffs request this Court to enter an Order:

(a) declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

Plaintiffs further requests that:

(c) this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

  (d) this Court orders Defendant to pay to Plaintiffs reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

  (e) this Court award whatever additional relief it deems just and appropriate under the circumstances

Respectfully submitted,<br>
By: /s/ Jorge Sanchez<br>
One of Plaintiff's attorneys

Jorge Sanchez  
Lopez & Sanchez LLP  
77 W. Washington St., Suite 1313  
Chicago, IL 60602  
(312) 420-6784

Dated: March 22, 2018